NOT FOR PUBLICATION



FILED

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| SPIRO KAMAR; JAMES MITCHELL; ARIANN PARTIDA; TERRAL JAMES SMITH; JOEVANNY SOLORIO; ERIC VELASCO, individuals, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) | No. 09-55674 D.C. No. 2:07-CV-02252-AHM-AJW **MEMORANDUM**[*] |
| Plaintiffs – Appellees, | ) ) | |
| v. | ) ) | |
| RADIO SHACK CORPORATION, | ) ) | |
| Defendant – Appellant. | ) ) ) | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted April 6, 2010
Pasadena, California

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Spiro Kamar, James Mitchell, Ariann Partida, Terald Smith, Joevanny Solorio and Eric Valasco (collectively "Kamar") brought this action against RadioShack Corporation as a class action. Kamar moved for certification of a class[1] and the district court issued an order granting that motion. RadioShack appealed. We affirm.

The district court certified the following class:

> All California employees of defendant paid on an hourly basis as nonexempt employees for the period of March 2003 to the present who (a) were instructed to and attended a Saturday store meeting or district office meeting without receiving the full amount of mandated premium pay, or (b) worked a split shift schedule without receiving the full amount of mandated premium pay, or (c) fit into both (a) and (b).

RadioShack attacks the certification order on a number of grounds.

(1) RadioShack first asserts that the class designation is defective because it creates what is sometimes called a fail-safe class. We do not agree.

The fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established. When the class is so defined, once it is determined that a person, who is a possible class member, cannot prevail

---

[1]See Fed. R. Civ. P. 23(a) & (b).

against the defendant, that member drops out of the class. That is palpably unfair to the defendant, and is also unmanageable — for example, to whom should the class notice be sent? See Fed. R. Civ. P. 23(c)(2).

The district court did not create that problem here. Rather, as we see it, the designation made by the district court should be seen as a way of narrowing the class to employees within the reporting time and split-shift classifications, without actually distinguishing between those who may and those who may not ultimately turn out to be entitled to premium pay. So construed, the class action remains manageable because the definition is not a circular one that determines the scope of the class only once it is decided that a class member was actually wronged. Moreover, if a class member was not legally wronged, RadioShack will be protected against liability to that person. Thus, the district court did not legally err by defining the class as it did. If, as RadioShack suggests, that means that the class may include all, or almost all, retail employees in California, that itself is not fatal.

(2)  RadioShack then asserts that, in effect, the district court was required to decide the common legal issues before it certified the class. Again, we disagree. A district court neither must, nor should, decide the merits of a dispute — legal or factual — before it grants class certification. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177–78, 94 S. Ct. 2140, 2152–53, 40 L. Ed. 2d 732 (1974); United

3

Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co., 593 F.3d 802, 808–09 (9th Cir. 2010); Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983). That does not mean that the district court should decline to give any consideration to the law and the facts in reaching its certification decision; it cannot do that. See Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982). However, the district court did not fall into error in that respect. That leads to RadioShack's final attack on the certification order.

(3)　RadioShack asserts that the district court erred when it determined that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).[2] When the district court exercises its discretion regarding certification[3] it must ask "whether [the] proposed [class is] sufficiently cohesive to warrant adjudication by

---

[2]When certification of a class is sought, all of the elements of Federal Rule of Civil Procedure 23(a) must be complied with, as must at least one of the provisions of Rule 23(b). See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001). On this appeal, however, only the predominance element is contested, except to the extent that the issues discussed in parts (1) and (2) of this disposition can be seen as affecting the other elements of Rule 23 also.

[3]See Armstrong v. Davis, 275 F.3d 849, 867 (9th Cir. 2001).

4

representation,"[4] and in so doing must focus "on the relationship between the common and individual issues."[5] That approach helps assure that proceedings by way of a class action will "'achieve judicial economy.'" Zinser, 253 F.3d at 1189. We have reviewed the record and the district court's order, and it is apparent that the district court did engage in the required rigorous analysis expected of it[6] and did not abuse its discretion when it determined that the predominance test was met.[7]

AFFIRMED.

---

[4]Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623, 117 S. Ct. 2231, 2249, 138 L. Ed. 2d 689 (1997); see also Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998).

[5]Hanlon, 150 F.3d at 1022.

[6]In so doing, the district court did not fall into the error of placing undue weight on RadioShack's general policies. See Mevorah v. Wells Fargo Home Mortgage (In re Wells Fargo Home Mortgage Overtime Pay Litig.), 571 F.3d 953, 957–59 (9th Cir. 2009).

[7]To the extent that RadioShack expresses a concern that the question of class designation is now set in stone, its concern is not well taken. The district court can revisit the order at any time before final judgment. See Fed. R. Civ. P. 23(c)(1)(C); Armstrong, 275 F.3d at 871 n.28. In fact, the parties agreed that the district court should resolve many legal issues, which RadioShack now points to as a concern, so that the court could further refine ascertainment of the potential class. The district court agreed to do so, but has now stayed briefing and further consideration of the issues pending this appeal. That was pursuant to a stipulation by the parties.